**DAPEER ROSENBLIT LITVAK, LLP**
William Litvak
(Cal. Bar No. 90533)
11500 W. Olympic Blvd., Suite 550
Los Angeles, CA 90064
E: wlitvak@drllaw.com
T: 310-477-5575

**IJH Law**
Ignacio Hiraldo, Esq.
(*pro hac vice forthcoming*)
1200 Brickell Ave., Suite 1950
Miami, FL 33131
E: IJhiraldo@IJhlaw.com
T: 786-496-4469

*Attorneys for Plaintiff and Proposed Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY MORENO, individually and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>vs.<br><br>SUNRUN, INC., a Delaware corporation,<br><br>       Defendant. | Case No.  3:21-cv-03306<br><br>**<u>CLASS ACTION</u>**<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, ET SEQ. (TCPA)**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Sherry Moreno brings this action against Defendant Sunrun, Inc., and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1.  This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., ("TCPA"), and its implementing regulations.

2.  Defendant is a solar company that markets and installs solar panel systems in numerous states throughout the nation.

3.  To promote its services and solicit new clients, Defendant engages in telemarketing utilizing prerecorded voice calls without the proper consent and even after recipients request to no longer receive calls.

4.  Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals.  Plaintiff also seeks statutory damages on behalf of themselves and the members of the class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

5.  Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute.

6.     Defendant is subject to personal jurisdiction in California because its primary place of business is in California.

7.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction, and because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

8.     Plaintiff is a natural person who, at all times relevant to this action, was a was a citizen of and domiciled in Solano County, California.

9.     Defendant Sunrun Inc. is a Delaware corporation with its principal place of business located at 225 Bush Street, San Francisco, CA 94104.

10.     Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## THE TCPA

11.     The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an artificial or prerecorded voice; (3) without the recipient's prior express consent.  47 U.S.C. § 227(b)(1)(A).

12.     The TCPA exists to prevent communications like the ones described within this Complaint.  "Voluminous consumer complaints about abuses of

telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

13.    In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

14.    The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA.  According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.  *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

15.    In 2012, the FCC issued an order tightening the restrictions for automated telemarketing calls, requiring "prior express **written** consent" for such calls to wireless numbers. *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012) (emphasis supplied).

16.     To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent….and having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

17.     The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12).  In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication.  *See Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th Cir. 2015).

18.     "Neither the TCPA nor its implementing regulations 'require an explicit mention of a good, product, or service' where the implication of an improper purpose is 'clear from the context.'"  *Id.* (citing *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012)).

19.     "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services." *Golan*, 788 F.3d at 820 (citing 47 C.F.R. § 64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12);   *In re Rules and Regulations Implementing the Telephone*

*Consumer Protection Act of 1991*, 18 F.C.C. Rcd at 14098 ¶ 141, 2003 WL 21517853, at *49).

20.     The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA.  *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003).  This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call *or in the future.  Id*.

21.     In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA.  *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 136 (2003).

22.     If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent.  *See In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

## **FACTS**

23.     Beginning in July 2019, Defendant, or parties under Defendant's direction, began causing calls using prerecorded or artificial voices to be transmitted to Plaintiff's cellular telephone number ending in 6589 (the "6589 Number").

24.     After the calls began, Plaintiff made multiple requests to Defendant's employees to stop contacting her at the 6589 Number.

25.     Despite this, Defendant ignored Plaintiff's requests and continued calling the 6589 Number.

26.     This failure to stop calling is indicative of Defendant's failure to implement a written policy for maintaining a do-not-call list and to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list.

27.     Defendant has transmitted prerecorded or artificial voice messages to the 6589 Number as recently as January 2021.

28.     Defendant's unsolicited communications, as described herein, constitute telemarketing or solicitations because they encourage the future purchase or investment in property, goods, or services. Specifically, the purpose of the calls was to promote Defendant's solar energy equipment and services.

29.     Additionally, the prerecorded messages sent to Plaintiff failed to provide an automated, interactive voice- and/or key press-activated opt-out mechanism for the called person to make a do-not-call request, including brief explanatory instructions on how to use such mechanism.  This caused harm to Plaintiff in that she was unable to stop Defendant's prerecorded solicitations.

30.     At no point in time did Plaintiff provide Defendant with her express written consent to be contacted on the 6589 Number with a telemarketing call utilizing a prerecorded or artificial voice.

31.     Upon information and belief, Defendant caused other prerecorded telemarketing messages to be sent to individuals.

32.     At the time Plaintiff received these calls, she was the subscriber and/or sole user of the 6589 Number.

33.     The 6589 Number is Plaintiff's personal cell phone number and not a business phone number.

34.     The 6589 Number has been registered with the National Do Not Call Registry since October 2019.

35.     Defendant's unsolicited calls caused Plaintiff harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's call also inconvenienced Plaintiff and caused disruption to their daily life.

## CLASS ALLEGATIONS

## PROPOSED CLASSES

36.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of themselves and all others similarly situated.

37.     Plaintiff brings this case on behalf of the following classes:

**Prerecorded Message Class:** All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a call using an artificial or prerecorded voice, regarding Defendant's property, goods,

and/or services, from Defendant or anyone on Defendant's behalf, to said person's telephone number.

**Do Not Call Class**: All persons in the United States who from four **years** prior to the filing of this action: (1) were sent a phone call by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of advertising, promoting, and/or soliciting Defendant's products and services.

**Internal Do Not Call Class:** All persons within the United States who, within the four years prior to the filing of this Complaint, (1) were sent a prerecorded call from Defendant or anyone on Defendant's behalf, (2) regarding Defendant's property, goods, and/or services, (3) to said person's residential telephone number, (4) after making a request to Defendant to not receive future calls.

**No Opt-Out Class:** All persons in the United States who from four years prior to the filing of this action (1) to whom Defendant placed one or more calls, (2) regarding

Defendant's property, goods, and/or services, (3) by using an artificial or prerecorded voice telephone message, (4) which did not provide an automated, interactive voice- and/or key press-activated opt-out mechanism for the called person to make a do-not-call request.

38.    Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

39.    Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but believes the Class members number in the several thousands, if not more.

## **NUMEROSITY**

40.    Upon information and belief, Defendant has placed prerecorded calls to telephone numbers belonging to thousands of consumers throughout the United States without their consent.  The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

41.    The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

///

///

## COMMON QUESTIONS OF LAW AND FACT

42.    There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class.  Among the questions of law and fact common to the Class are:

(1) Whether Defendant made non-emergency telemarketing calls that utilized a prerecorded or artificial voice to Plaintiff's and Class members' telephones;

(2) Whether Defendant can meet its burden of showing that it obtained consent to make such calls;

(3) Whether Defendant's conduct was knowing and willful;

(4) Whether Defendant is liable for damages, and the amount of such damages; and

(5) Whether Defendant should be enjoined from such conduct in the future.

43.    The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits prerecorded messages to telephone numbers is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

///

///

**TYPICALITY**

44.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**ADEQUACY**

45.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, has no interests that are antagonistic to the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

46.     In addition, Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, including those involving violations of the TCPA. Plaintiff and their counsel are committed to vigorously prosecuting this action on behalf of the other respective members of the Class and have the financial resources to do so.

47.     Neither Plaintiff nor her counsel have any interests adverse to those of the other members of the Class.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

48.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable.

While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

49.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.  Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**

**VIOLATION OF 47 U.S.C. § 227(b) and 47 C.F.R. § 64.1200**

**(On Behalf of Plaintiff and the Prerecorded Message Class)**

50.     Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

51.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …." 47

U.S.C. § 227(b)(1)(A)(iii).

52.     It is also a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call ... using an ... using an automatic telephone dialing system or an artificial or prerecorded voice... To any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(l)(iii).

53.     Defendant – or third parties directed by Defendant – cause the transmission of telemarketing calls using an artificial or prerecorded voice to the telephone numbers of Plaintiff and members of the putative class.

54.     These calls were made without regard to whether or not Defendant had first obtained the required consent from the called party to make such calls.

55.     In fact, Defendant did not have prior express written consent it required to call the telephones of Plaintiff and the other members of the putative Class with artificial or prerecorded voice marketing messages when these messages were transmitted.

56.     Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an artificial or prerecorded voice to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their prior express consent.

///

57.     Defendant has also violated § 64.1200(a)(l)(iii) and § 64.1200(a)(3) by using an artificial or prerecorded voice to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Classes without their prior express written consent.

58.     As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. *Id*.

59.     Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had not given prior express consent to receive its prerecorded calls to their cellular telephones the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

## COUNT II
### <u>Violations of 47 U.S.C. § 227 and 47 C.F.R. 64.1200(c)</u>
### (On Behalf of Plaintiff and the Do Not Call Class)

60.     Plaintiff re-alleges and incorporates the allegations of paragraphs 1-49 as if fully set forth herein.

61.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone

solicitations that is maintained by the federal government."

62.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

63.     Pursuant to 47 U.S.C. § 227(c)(5) any "person who has received more than one telephone call within any 12- month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

64.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

65.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

66.     Plaintiff and the Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to section 227(c)(5).

67.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## COUNT III

## VIOLATIONS OF 47 U.S.C. § 227 and 47 C.F.R. § 64.1200(d)
### (On Behalf of Plaintiff and the Internal Do Not Call Class)

68.     Plaintiff re-alleges and incorporates paragraphs 1-49 as if fully set forth herein.

69.     In pertinent part, 47 C.F.R. § 64.1200(d) provides:

> No person or entity shall initiate any call for telemarketing
> purposes to a residential telephone subscriber unless such
> person or entity has instituted procedures for maintaining
> a list of persons who request not to receive telemarketing
> calls made by or on behalf of that person or entity. The
> procedures instituted must meet the following minimum
> standards:

///

///

///

**(1) *Written policy.*** Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

**(2) *Training of personnel engaged in telemarketing.*** Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

70.     Under 47 C.F.R § 64.1200(e), the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers.

71.     Plaintiff and the Internal Do Not Call Class members made requests to Defendant not to receive calls from Defendant.

72.     Defendant failed to honor Plaintiff and the Internal Do Not Call Class members' opt-out requests.

73.     Defendant's refusal to honor opt-out requests is indicative of Defendant's failure to implement a written policy for maintaining a do-not-call list and to train its personnel engaged in telemarketing on the existence and use of the do-not-call-list.

74.     Thus, Defendant has violated 47 C.F.R. § 64.1200(d).

75.     Pursuant to section 227(c)(5) of the TCPA, Plaintiff and the Internal Do

///

Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation.

76.   As a result of Defendant's knowing or willful conduct, Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages per violation.

77.   Plaintiff and the Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to section 227(c)(5).

**COUNT IV**

**<u>VIOLATIONS OF 47 U.S.C. § 227 and 47 C.F.R. § 64.1200(b)</u>**

**(On Behalf of Plaintiff and the No Opt-Out Class)**

78.   Plaintiff re-alleges and incorporates paragraphs 1-49 as if fully set forth herein.

79.   The TCPA's implementing regulation, 47 C.F.R. § 64.1200(b)(3), provides in pertinent part:

> In every case where the artificial or prerecorded voice telephone message includes or introduces an advertisement or constitutes telemarketing and is delivered to a residential telephone line or any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii), provide an automated, interactive voice- and/or key press-activated opt-out mechanism for the

called person to make a do-not-call request, including brief

explanatory instructions on how to use such mechanism,

within two (2) seconds of providing the identification

information required in paragraph (b)(1) of this section.

80.    Defendant violated 47 C.F.R. § 64.1200(b)(3) by delivering artificial or prerecorded voice messages in connection with telemarketing calls to Plaintiff's telephone number that did not provide an automated, interactive voice and/or key press-activated opt-out mechanism for the called person to make a do not-call request.

81.    Plaintiff and the No Opt-Out Class members were harmed by Defendant's refusal to provide an opt-out mechanism in that they were unable to stop Defendant's prerecorded solicitations.

82.    As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. *Id.*

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the

Classes and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Classes;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA and its implementing regulations;

d) An injunction requiring Defendant to cease all unsolicited prerecorded calling activity, and to otherwise protect the interests of the Classes;

e) An injunction prohibiting Defendant from using, or contracting the use of, prerecorded calls without obtaining, recipient's consent to receive calls made with such equipment;

f) An injunction requiring Defendant to cease all prerecorded voice activity to individuals who have requested to be removed from Defendant's contact list;

g) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies

contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Respectfully submitted,

Dated: May 4, 2021

By:     */s/ William Litvak*
        William Litvak (SBN 90533)
        wlitvak@drllaw.com
        **DAPEER ROSENBLIT LITVAK, LLP**
        11500 W. Olympic Blvd., Suite 550
        Los Angeles, California 90064
        T: (310) 477-5575

        Ignacio Hiraldo, Esq.
        (*pro hac vice forthcoming*)
        IJhiraldo@Hiraldolaw.com
        **IJH Law**
        1200 Brickell Ave., Suite 1950
        Miami, FL 33131
        T: (786) 496-4469

        *Attorneys for Plaintiff and the Proposed Class*